UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
UNITED STATES OF AMERICA,

                Plaintiff,                              NOT FOR PUBLICATION
                                                      **MEMORANDUM & ORDER**
    v.                                                    14-CV-1735 (CBA) (CLP)

ROMAN MILGRAM,

                Defendant.
----------------------------------------------------------------x
AMON, Chief United States District Judge.

On March 17, 2014, the United States of America initiated this action against defendant Roman Milgram seeking to recover amounts due on a government-insured student loan. Milgram answered and asserted certain affirmative defenses on April 29, 2014. The United States moved for summary judgment on October 31, 2014 and Magistrate Judge Cheryl L. Pollak recommended that this Court grant the motion as unopposed. For the reasons below, the Court grants the government's motion but after independently considering its claims.

## BACKGROUND

On December 9, 1991, Milgram, then a dental student at New York University, applied for and was granted a Health Education Assistance Loan in the amount of $20,000.00 pursuant to a promissory note. (Pl. R. 56.1 ¶¶ 12-13.) Key Bank of Maine, a private lender, issued the loan subject to a federal guarantee. (Id.) That loan was subsequently sold to the Student Loan Marketing Association, more commonly known as Sallie Mae. (Id. ¶ 15.)

Following his graduation and a period of forbearance, Milgram made 10 payments on that loan totaling $8,564.10. (Id. ¶¶ 16-17.) His final payment was made on March 9, 1998 and, despite repeated notifications, Milgram failed to make any further payments after that date. (Id. ¶ 17.) On May 19, 2011, Sallie Mae sent Milgram a final letter notifying him that his account

would be in default if he failed to make full repayment. (Iannarone Ex. A(1).) Milgram neither responded to that letter nor did he make any additional payments. (Id.)

As a result of his default, Sallie Mae filed an insurance claim with the Department of Health and Human Services ("HHS") related to Milgram's loan. (Id.) On July 7, 2011, HHS paid the then-outstanding amount of the loan and received assignment of the note. (Id.) Officials from HHS subsequently sent numerous letters to Milgram seeking repayment, but received no response. (Id.)

On December 5, 2013, HHS issued a Certificate of Indebtedness related to Milgram's loan signed by Barry M. Blum, the Chief of the Referral Control Section of the Debt Management Branch. (Id.) As of that date, the outstanding amount due on the loan was $41,712.00. (Id.) This suit followed on March 17, 2014. (Id.)

## DISCUSSION

Currently pending before the Court is the government's motion for summary judgment. Despite receiving a copy of that motion, Milgram offered no opposition nor did he request an extension of time to do so. This Court referred that motion to Magistrate Judge Cheryl L. Pollak for report and recommendation.

### I.   The Report & Recommendation

By Report and Recommendation ("R&R") dated January 14, 2015, Magistrate Judge Pollak recommended that this Court grant the government's motion due to Milgram's failure to oppose it. (DE # 36 at 2.)

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear

2

error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

Here, no party has raised an objection to the R&R and the Court therefore reviews it only for clear error. Jarvis, 823 F. Supp. 2d at 163. In this Circuit, it is clearly erroneous to grant summary judgment merely because a defendant fails to oppose the motion. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). The Second Circuit has made plain that "courts, in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Id. at 246 (internal quotation marks and citation omitted).

## II. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). But once the movant has met that burden, the opposing party "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986) (citing Fed. R. Civ. P. 56(e)).

"In an action on a promissory note, summary judgment is appropriate if there is no material question concerning execution and default of the note." United States v. Clerge, No. 11-CV-689 (ADS) (ARL), 2012 WL 6043297, at *3 (E.D.N.Y. Dec. 5, 2012) (internal quotation marks and citation omitted). "Promissory notes and [Certificates of Indebtedness] constitute[ ] sufficient proof that the Defendant defaulted on [his] student loan debt to justify summary

3

judgment where the defendant fails to allege facts contesting the default." United States v. Kadoch, No. 96-CV-4720 (CBA) (CLP), 2012 WL 6772006, at *4 (E.D.N.Y. Sept. 17, 2012) (internal quotation marks and citation omitted), adopted by 2013 WL 57709 (E.D.N.Y. Jan. 4, 2013); see also United States v. Pelt, No. 11-CV-06156 (ADS), 2013 WL 1173898, at *6 (E.D.N.Y. Mar. 18, 2013) ("In general, the United States may demonstrate the existence of student loans by providing promissory notes and may demonstrate that the loans remain unpaid by providing certificates of indebtedness.").

The government submitted a promissory note signed by Milgram and a Certificate of Indebtedness in support of its motion. (See Iannarone Exs. A(1), A(4).) Those documents satisfy the government's summary judgment burden by establishing both that the loan exists and remains unpaid. See Pelt, 2013 WL 1173898, at *6; Kadoch, 2012 WL 6772006, at *4; see also HICA Educ. Loan Corp. v. Yunatanov, No. 11-CV-488 (SJ) (RER), 2013 WL 3288452, at *2 (E.D.N.Y. June 28, 2013) (finding a plaintiff met its burden by establishing that the defendant defaulted on a promissory note).

Milgram offers no opposition to the summary judgment motion and, after reviewing the record, the Court concludes there is no genuine factual dispute here. Although Milgram purports to raise certain affirmative defenses in his answer, he provides no facts in support of those defenses nor does he actually assert them at the summary judgment stage. Even providing the liberal reading due to pro se litigants, conclusory and unsupported defenses raised in a pleading fail to establish a material dispute of fact. See Pelt, 2013 WL 1173898, at *6 (holding pro se defendant's "unsupported belief" that the loan may have been paid fails to establish a material dispute); see also Anderson, 477 U.S. at 256 ("[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading . . . ."). Accordingly, the Court grants the government's motion for summary judgment.

4

As of November 1, 2013, the principal balance on the loan was $41,259.83. (Iannarone Exs. A(1).) Interest on that principal accrues at an annual rate of 3.125% and is compounded annually. Therefore, Milgram currently owes $42,771.42 in principal and $695.77 in accrued interest on that loan for a total debt of $43,467.19.

## CONCLUSION

For the reasons stated above, the Court grants summary judgment after independently considering the government's claims on the merits. The Clerk of Court is respectfully directed to enter Judgment in favor of the United States in the amount of $43,467.19, terminate all pending motions and close the case.

SO ORDERED.

Dated: July 10, 2015
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge